Case 3:07-cv-00490-MMA-AJB   Document 39   Filed 12/04/07   PageID.627   Page 1 of 12

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHOTOTHERA, INC., a Delaware corporation,<br><br>                                        Plaintiff,<br><br>    vs.<br><br><br>AMIR ORON, M.D., an individual; URI ORON, Ph.D., an individual,,<br><br>                                        Defendant. | CASE NO.  07CV490<br><br>**ORDER: (1) GRANTING DEFENDANT URI ORON'S MOTION TO DISMISS WITHOUT PREJUDICE; (2) DENYING AS MOOT DEFENDANT URI ORON'S MOTION TO STAY UNDER THE INTERNATIONAL ABSTENTION DOCTRINE; (3) DENYING AS MOOT DEFENDANT AMIR ORON'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |

Presently before the Court are Defendant Uri Oron's Motion to Dismiss [Doc. No. 17], Defendant Uri Oron's Motion to Stay Under the International Abstention Doctrine [Doc. No. 18], Plaintiff's Consolidated Opposition [Doc. No. 30], and Defendant Uri Oron's Reply [Doc. No. [35]. Also before the Court are Defendant Amir Oron's Motion to Dismiss for Lack of Personal Jurisdiction [Doc. No. 16], Plaintiff's Opposition [Doc. No. 31], and Defendant Amir Oron's Reply [Doc. No. 37.] For the following reasons, this Court: (1) **GRANTS** Defendant Uri Oron's Motion to Dismiss without prejudice; (2) **DENIES AS MOOT** Defendant Uri Oron's Motion to Stay under the International Abstention Doctrine; and (3) **DENIES AS MOOT** Defendant Amir Oron's Motion to Dismiss for Lack of Personal Jurisdiction.

- 1 -                                                                                                             07cv490

## BACKGROUND

Plaintiff PhotoThera is a San Diego company. [Pl.'s Opp to Def. Oron's Motion to Dismiss at 4.] Defendant Amir Oron ("Amir") is a doctor and the son of Defendant Uri Oron ("Uri"). [Id.] Both are citizens of Israel and currently live there. [Id. at 4-5.] In 1998, Amir filed a patent application for "Ischemia Laser Treatment" that is the subject of this dispute. [Id.] Uri worked for PhotoThera from August 2002 to June 2007.

On October 1, 2002, Uri entered into two written agreements involving Amir's pending patent. [Id. at 6.] The first was a patent assignment agreement assigning the patent rights from Amir to Uri. [Id.] The second was a license agreement exclusively licensing the patent rights from Uri to PhotoThera. [Id.] The agreements were written in English and prepared in San Diego by PhotoThera's outside counsel. [Id.] There is a dispute as to whether Uri was acting as PhotoThera's agent when he entered into these agreements. [Id.]

On March 1, 2007, Amir filed a lawsuit in Israel, alleging, among other things, that Uri promised Amir that he would receive royalty payments from PhotoThera in exchange of for the assignment and that PhotoThera had authorized Uri to make such a promise as its agent. [Id. at 10.] In that lawsuit, Amir seeks a declaration that his Assignment to Uri is void or otherwise unenforceable because PhotoThera has stated it will not pay him any royalties. [Id.]

PhotoThera denied making such promises in the Israeli lawsuit and now seeks a declaratory judgment from this Court that determines: (1) the validity and enforceability of the patent assignment; (2) the validity and enforceability of the license agreement; and (3) PhotoThera's obligation to pay Amir and/or Uri's rights to receive any royalty or other additional consideration related to the patent assignment and license. [FAC ¶¶ 34-38.] PhotoThera also asserts two other monetary claims: (1) Uri breached his contract with PhotoThera by disclosing confidential information, and (2) Amir intentionally interfered with PhotoThera's contractual relationship with Uri. [FAC ¶¶ 39-47.] PhotoThera asserted these same monetary claims as counterclaims in the Israeli lawsuit. [Def.'s Opp. at 5-6.]

# ANALYSIS

**A.  The Court Denies Defendant's Motion to Stay Under the International Abstention Doctrine as Moot**

The international abstention doctrine allows a court to stay or dismiss an action where parallel proceedings are pending in the court of a foreign nation. Supermicro Computer Inc. v. Digitechnic, 145 F. Supp. 2d 1147, 1149 (N.D. Cal. 2001) (citing Schwarzer et al., Federal Civil Procedure Before Trial, P 2:1326.4 (2000)).  Abstention is rooted in concerns of international comity, judicial efficiency and fairness to litigants. Id.  In short, the doctrine permits a court to abstain from hearing an action if there is a first-filed foreign proceeding elsewhere. Id.  The Seventh and Eleventh Circuits expressly adopted the doctrine and the Ninth Circuit has indicated that the analysis should be guided by the principles set by the Supreme Court in Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976) (the "Colorado River doctrine").  See Neuchatel Swiss Gen. Ins. Co. v. Lufthansa Airlines, 925 F.2d 1193 (9th Cir. 1991) (vacating the district court's stay of an action in deference to parallel proceedings in Geneva, Switzerland pursuant to the Colorado River doctrine); Turner Entertainment Co. v. Degeto Film GmbH, 25 F.3d 1512, 1523 (11th Cir. 1994); Finova Capital Corp. v. Ryan Helicopters, U.S.A. Inc., 180 F.3d 896, 900-901 (7th Cir. 1999).

While the facts of this case appear to fit neatly within the doctrine, it is unnecessary for this Court to utilize that doctrine at this stage in the proceedings.  Instead, Defendant Uri's motion can be resolved by dismissing all of Plaintiff's claims on other grounds.  Therefore the Court **DENIES** Defendant Uri's motion to stay under the international abstention doctrine as moot.

**B.  The Court Dismisses Plaintiff's Declaratory Relief Claim**

**1.  Legal Standard**

Under the Declaratory Judgment Act, 28 U.S.C. § 2201, et. seq., a district court may decline to exercise jurisdiction over a declaratory action, even though subject matter jurisdiction is otherwise proper.  See 28 U.S.C. § 2201(a) (2007); Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 494 (1942).  A district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close. Wilton

v. Seven Falls Co., 515 U.S. 277, 288 (1995); Supermicro, 145 F. Supp. 2d at 1152. In enacting the Declaratory Judgment Act, "Congress . . . created an opportunity, rather than a duty, [for a district court] to grant a new form of relief to qualifying litigants." Id.[1]

The Act enlarged the range of remedies available in federal court, but did not extend federal jurisdiction. 28 U.S.C. § 2201; Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950). Thus, as a threshold requirement, an actual "case or controversy" must always exist so the court does not render an impermissible advisory opinion. See Flast v. Cohen, 392 U.S. 83, 95-96 (1968); Coalition for a Healthy Cal. v. F.C.C., 87 F.3d 383, 386 (9th Cir. 1986).

The complaint in a declaratory relief action must allege facts sufficient to establish an actual controversy. Int'l Harvester Co. v. Deere & Co., 623 F.2d 1207, 1210 (7th Cir. 1980). The disagreement must not be nebulous or contingent, but must have taken on a fixed and final shape so that a court can see what legal issues it is deciding and what effects its decision will have on the adversaries. Pub. Serv. Com. v. Wycoff Co., 344 U.S. 237, 244 (1952); United States v. Arnold, 678 F. Supp. 1463, 1465-66 (S.D. Cal. 1988) (Brewster, J.) The controversy must be real, substantial, and capable of specific relief through a decree of conclusive character. Display Research Labs. v. Telegen Corp., 133 F. Supp. 2d 1170, 1174 (N.D. Cal. 2001), citing Aetna Life Ins. Co. v. Haworth, 300 U.S. 277, 240-41 (1937).

A court can decline jurisdiction if it appears that the suit was filed for an improper tactical purpose. Gribin v. Hammer Galleries, Div. of Hammer Holdings, Inc., 793 F. Supp. 233, 236 (C.D. Cal. 1992). For instance, courts have recognized that declaratory relief actions are inappropriate when filed merely to improve a bargaining position in ongoing negotiations. EMC Corp. v. Norand Corp., 89 F.3d 807, 809 (Fed. Cir. 1996), overruled in part on other grounds, MedImmune, Inc. v. Genentech, Inc., 127 S. Ct. 764 (2007). Further, using the Act to anticipate an affirmative defense is not ordinarily proper, and numerous courts have refused to grant declaratory relief to a party who has come to court

---

[1] A district court's discretion to decline jurisdiction under the Act is broader than any abstention doctrine recognized by the U.S. Supreme Court. Supermicro, 145 F.Supp.2d at 1150. In Wilton v. Seven Falls, the Supreme Court explained that "distinct features of the Declaratory Judgment Act, we believe, justify a standard vesting district courts with greater discretion in declaratory judgment actions than that permitted under the "exceptional circumstances" test of Colorado River and Moses H. Cone." See Wilton, 515 U.S. at 286.

only to assert an anticipatory defense. <u>Hanes Corp. v. Millard</u>, 531 F.2d 585, 592-93 (D.C. Cir. 1976); <u>See</u> <u>Gribin</u>, 793 F. Supp. at 235 (citing cases).

The Ninth Circuit has provided various factors for courts to consider when deciding to issue a declaratory judgment.

> The touchstone factors are that a district court should avoid needless determination of state law issues; it should discourage litigants from filing declaratory actions as a means of forum shopping; and it should avoid duplicative litigation. Those factors are not exclusive. Other factors that should be considered, depending on the circumstances, include whether the declaratory action will settle all aspects of the controversy or whether the use of a declaratory action will result in entanglement between the federal and state court systems. In addition, a district court can also consider the convenience of the parties, and the availability and relative convenience of other remedies.

<u>Supermicro</u>,145 F. Supp. 2d at 1150 (citing <u>Government Employees Ins. Co. v. Dizol</u>, 133 F.3d 1220, 1225 (9th Cir. 1998) (internal quotations and citations omitted).

Moreover, if there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court. <u>Government Emples. Ins. Co. v. Dizol</u>, 133 F.3d 1220, 1225 (9th Cir. 1998). The pendency of a state court action does not, of itself, require a district court to refuse federal declaratory relief. <u>Id</u>. Nonetheless, federal courts should generally decline to entertain reactive declaratory actions. <u>Id.</u>

**2.. The Court Dismisses the Declaratory Judgment Claim to Avoid Duplicative Litigation**

In the present action, PhotoThera specifically seeks a declaration concerning the validity of the Amir-Uri assignment, its obligation to pay, and Amir and/or URI's rights to receive any royalty or other additional consideration. [FAC ¶¶ 34-38.] These are precisely the same issues being litigated in the Israeli lawsuit.

In the Israeli Lawsuit, Amir seeks a declaration that the assignment is void or otherwise unenforceable because PhotoThera–acting through Uri as its agent–promised him royalties on his patent and now refuses to pay. [Kroparo-Tal Decl., Ex. B, ¶¶ 2-4, 9, 18, 22, 67.] In addition, PhotoThera seeks a judgment from the Israeli court that determines: (1) the Amir-Uri agreement is

1  binding; (2) Amir is enjoined and estopped from claiming that the patent was not assigned to Uri; and
2  (3) PhotoThera is entitled to rights in Amir's patent even if the Amir-Uri assignment is void. [Id. at
3  Ex. D.]

4  Therefore, this Court would needlessly invite duplicative litigation if it were to entertain
5  Plaintiff's claims that are currently before the Israeli court. See Supermicro, 145 F.Supp. 2d at 1151-
6  52 (dismissing a claim for declaratory judgment on the basis that a French court was hearing the same
7  disputed transaction with the same parties and adding "judgment could also lead to conflicts between
8  the French and U.S. legal systems if the parties attempt to enforce inconsistent judgments").

9  Moreover, Israeli courts are overseen by well-educated and neutral judges. [Furth Decl. ¶¶
10 1-8.] The judicial system permits discovery from the parties, including interrogatories, obtaining
11 documents, and other information. [Id.] As a result, courts routinely hold that Israel is a proper forum
12 and dismiss cases before them on the grounds that it would be more appropriate to hear them in Israel.
13 See e.g Argoquest Holdings, LLC v. Isr. Disc. Bank, Ltd., 228 Fed. Appx. 733 (9th Cir. 2007);
14 Sussman v. Bank of Israel, 801 F. Supp. 1068 (S.D.N.Y. 1992), aff'd, 990 F.2d 71 (2d Cir. 1993)
15 (conditionally dismissed based on forum non conveniens); J.B. Harris, Inc. v. Razei Bar Indus., Ltd.,
16 37 F. Supp. 2d 186 (E.D.N.Y. 1998), aff'd, 181 F.3d 82 (2d Cir. 1999) (dismissed based on
17 forum-selection clause designating Israel). Thus, this factor favors declining jurisdiction.

18

19 **3.     The "Convenience" Factor Favors Dismissing the Declaratory Judgment Claim**
20 Uri and Amir are two of the primary witnesses concerning the Amir-Uri Assignment. Both
21 are citizens of Israel who live in Israel. [Uri Decl. 1-2.] Traveling from Israel will be costly and
22 interrupt Uri's work as a professor and Amir's work as a doctor. [Def. Uri's Motion to Stay at 10.]
23 Moreover, Uri recently suffered injuries from a car accident and his doctor stated he should limit
24 travel and physical activity. [Uri Decl. ¶¶ 18-19.] Photohera has done business in Israel as late as
25 2006 and has already responded to the Israeli lawsuit. Thus, this factor also favors declining
26 jurisdiction.

### 4. This Court's Discretion to Dismiss is Not Limited by Issues of Federal Law

#### a. The Issues Before the Court Do Not Involve Federal Law

Plaintiff argues that patents fall under federal law and that this Court's discretion to decline jurisdiction in cases involving federal law "is severely restricted." [Pl.'s Opp. at 18.] This Court disagrees.

The Supreme Court has indicated that a court's discretion under the Declaratory Judgment Act may be limited in cases involving federal law. Wilton, 515 U.S. at 290 ("We do not attempt at this time to delineate the outer boundaries of that discretion in other cases, for example, cases raising issues of federal law or cases in which there are no parallel state proceedings.").

Nevertheless, while federal law does cover some patent issues, state law governs the interpretation of patent assignment contracts. Rowe Int'l Corp. v. Ecast, Inc., 500 F. Supp. 2d 887, 890 (D. Ill. 2007) ("Though Federal Circuit law governs the patent issues before the Court, state law governs interpretation of the assignment contract.") (citing Minco, Inc. v. Combustion Eng'g, Inc., 95 F.3d 1109, 1117 (Fed. Cir. 1996); General Mills, Inc. v. Kraft Foods Global, Inc., 487 F.3d 1368, 1373 (Fed. Cir. 2007) (finding state law applies to a patent assignment question); accord Salsbury Laboratories, Inc. v. Rhone Merieux Laboratories, Inc., 735 F. Supp. 1545, 1550 (D. Ga. 1988); Dalloz v. Holden, 1990 U.S. Dist. LEXIS 10888, at * 14 (D. Pa. 1990). Thus, this Court's discretion to dismiss is not limited by issues of federal law.

#### b. Plaintiff's Objections Regarding the License Are Not Ripe

Plaintiff argues that its declaratory action is not duplicative of the Israeli lawsuit. [Pl.'s Opp. at 16.] It asserts that the Israeli lawsuit only concerns rights regarding the Amir-Uri assignment, while the present action requests declaratory relief with respect to both the assignment and the license. [Id.] As a result, Plaintiff contends that even if Amir prevails in the Israeli lawsuit, and the assignment is rescinded, its rights under the license will remain at issue. [Id.] Furthermore, Plaintiff adds that under U.S. federal law it would be entitled to rights under the license as a bona fide purchaser ("BFP"). [Id.] This Court finds that Plaintiff raises issues that are not ripe for adjudication.

In a case with related facts, the Federal Circuit found that the BFP issue could not arise until (1) the original patent holder prevailed in his lawsuit to void his patent assignment and (2) the original

1  patent holder had asserted a patent infringement claim. Heidelberg Harris, Inc. v. Leobach, 145 F.3d
2  1454, 1458 (Fed. Cir. 1998).

3        In Heidelberg, an original inventor and patent owner, Loebach, assigned his patent to his
4  employer, Motter Printing Company, which then exclusively licensed the patent to a third party,
5  Harris, in exchange for royalty payments. Id. at 1456. Loebach later sued Motter Printing for fraud
6  and failure of consideration. Id. at 1457. In July of 1991, the court rescinded the assignment and
7  awarded Loebach the $4.3million that Motter had received from Harris. [Id.] The court noted that
8  "[t]he rescission, effective on July 31, 1991, vested legal title to the patent in Loebach as of that date."
9  Id. After Loebach (the original patent holder) had acquired legal title to his patent by rescinding the
10 assignment, he asserted a claim for patent infringement against Harris. Id. The court addressed this
11 claim and stated that Loebach had no right to sue for patent infringement until after he prevailed in
12 his lawsuit to rescind the assignment.

13       We agree with the district court that the resolution of this issue is controlled by
         our decision in Arachnid, Inc. v. Merit Industries, Inc., 939 F.2d 1574, 19
14       U.S.P.Q.2D (BNA) 1513 (Fed. Cir. 1991). In that case, we held that a plaintiff
         cannot sue for patent infringement occurring prior to the time the plaintiff
15       actually obtained legal title to the asserted patent. Loebach's argument that a
         court can retroactively vest legal title in the plaintiff for purposes of standing
16       was specifically considered and rejected in that case.

17 Id. at 1458.

18       Heidelberg reveals that the issue of rights under a patent assignment between the original
19 patent holder (Amir) and the licensor (Uri) is separate from determining whether the licensee
20 (PhotoThera) is infringing. [Pl.'s Opp. at 12. (stating same).] Amir is not the legal owner of the
21 patent and he has not filed a patent infringement claim. Therefore, Amir must first prevail in his
22 lawsuit to rescind the assignment to Uri before he has any right to assert a patent infringement claim.
23 If the assignment is rescinded, and Amir chooses to assert a patent infringement claim, Plaintiff can
24 assert the BFP defense at that time.

25       However, as of now, this issue is not ripe. PhotoThera is essentially asking this Court to affirm
26 an anticipatory defense and issue an advisory opinion. Therefore, the Court **DISMISSES** this claim
27 without prejudice in order to allow the Israeli court to determine whether Amir is entitled to rescission
28 or royalties.

- 8 -    07cv490

### c. The Court May Dismiss the Declaratory Judgment Claim And Maintain Jurisdiction over the Monetary Claims

Plaintiff argues that the presence of the monetary claims precludes dismissal of the declaratory judgment claim. [Pl.'s Opp. At 19-20 (citing Snodgrass v. Provident Life & Acc. Ins. Co., 147 F.3d 1163, 1167 (9th Cir. 1998)).] In Snodgrass, the Ninth Circuit stated that "when other claims are joined with an action for declaratory relief (e.g. bad faith, breach of contract, breach of fiduciary duty, rescission, or claims for other monetary relief), the district court should not, as a general rule, remand or decline to entertain the claim for declaratory relief." Id. However, a closer analysis of Snodgrass reveals that the case is distinguishable from the issues before the Court.

Snodgrass involved an insurance dispute originally brought in state court. The insured sued for breach of contract, violation of state insurance laws, and intentional and negligent infliction of emotional distress. Id. at 1164. The insured also brought a claim for declaratory relief. Id. The insurer removed the case to federal court on the basis of diversity jurisdiction. Id.

The federal district court invoked the discretionary jurisdiction rule of the Declaratory Judgment Act to remand the entire case back to state court.[2] Id. at 1165. The Ninth Circuit reversed, noting the discretion afforded by the Declaratory Judgment Act does not extend to other claims that fall within the district court's jurisdiction. Id. at 1167. That is, the court found that the district court's discretion to decline jurisdiction under the Declaratory Judgment Act could not be used to decline jurisdiction over other claims that were properly before the court on the basis of diversity jurisdiction. Id.

However, the appellate court did not state that the district court was prohibited from dismissing the declaratory judgment claim and maintaining jurisdiction over the monetary claims. A recent court, presented with the same argument, also distinguished Snodgrass, in the same manner.

> [Plaintiffs], therefore, cannot use Snodgrass for the proposition that their breach of contract claim somehow automatically confers jurisdiction over their declaratory judgment claim. Snodgrass did not address that question. Indeed, courts have dismissed declaratory judgment claims that do not present an actual controversy, while simultaneously exercising jurisdiction over other claims. See, e.g., Planet Hollywood (Region IV), Inc. v.

---

[2] Under the Declaration Judgment Act, a district court may decline to exercise jurisdiction over a declaratory action even though subject matter jurisdiction is otherwise proper. See 28 U.S.C. 2201(a).

Hollywood Casino Corp., 80 F. Supp. 2d 815, 872 (N.D. Ill. 1999) (dismissing declaratory judgment claims for not presenting an "actual controversy," while also exercising jurisdiction over claims arising under the Lanham Act and Illinois state law).

Lyman v. St. Jude Med. S.C., Inc., 423 F. Supp. 2d 902, 907 (D. Wis. 2006). Thus, this Court finds that it may dismiss the declaratory judgment claim and also maintain jurisdiction over the monetary claims.[3]

In sum, this Court rejects Plaintiff's objections and **DISMISSES** the declaratory judgment claim in deference to the parallel Israeli lawsuit.

### C. The Court Dismisses Plaintiff's Monetary Claims

Defendant Uri argues Plaintiff's second and third claims for relief should be dismissed because Plaintiff failed to adequately allege that the amount of damages exceeded the $75,000 amount required in diversity cases. [Def.'s Motion to Dismiss at 9-10.] This Court agrees.

The Supreme Court has held:

> The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a <u>legal certainty</u> that the claim is really far less than the jurisdictional amount [$75,000] to justify dismissal.

St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288 (1938) (emphasis added); Bodine Produce, Inc. v. United Farm Workers Organizing Committee, 494 F.2d 541, 556 (9th Cir. 1974).

Nonetheless, "while a federal court must of course give due credit to the good faith claims of the plaintiff, a court would be remiss in its obligations if it accepted every claim at face value, no matter how trivial the underlying injury." Surber v. Reliance Nat'l Indem. Co., 110 F. Supp. 2d 1227, 1231 (N.D. Cal. 2000) (citing Diefenthal v. C.A.B., 681 F. 2d 1039, 1052 (5th Cir. 1982); accord Christensen v. Northwest Airlines, Inc., 633 F.2d 529 (9th Cir. 1980) (affirming district court's finding that plaintiff's damages claim was not made in good faith but only for the purpose of obtaining federal

---

[3] Admittedly, this distinction is not vital to the outcome of this Court's order because the Court is also dismissing Plaintiff's monetary claims. However, the Court addresses it so that Plaintiff does not present the same argument if it later chooses to re-plead and include monetary claims.

court jurisdiction and that the injury was too small to establish requisite amount of damages).

Moreover, the Supreme Court has noted that the party invoking the court's jurisdiction bears the burden of "alleg[ing] with sufficient particularity the facts creating jurisdiction" and of "support[ing] the allegation" if challenged. Diefenthal, 681 F.2d at 1052 (citing St. Paul, 303 U.S. at 288) (emphasis added).[4] The Ninth Circuit has discussed this principle:

> The authority which the statute vests in the court to enforce the limitations of its jurisdiction precludes the idea that jurisdiction may be maintained by mere averment or that the party asserting jurisdiction may be relieved of his burden by any formal procedure. If his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof. And where they are not so challenged the court may still insist that the jurisdictional facts be established or the case be dismissed, *and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence*.

Gaus v. Miles Inc., 980 F.2d 564, 567 (9th Cir. 1992) (emphasis in original) (quoting McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936). See also Garza v. Bettcher Indus. Inc., 752 F. Supp. 753, 763 (E.D. Mich. 1990) (holding that defendant's bald recitation that "the amount in controversy exceeds $ 50,000," without the defendant identifying any specific factual allegations or provisions in the complaint which might support that proposition, should provoke sua sponte remand).

In the present action, the Court finds that both the preponderance of evidence standard and the legal certainty standard have not been satisfied. Plaintiff merely delivers a "bald recitation" that the amount in controversy exceeds $75,000 without offering any significant supporting facts.

Plaintiff's second claim for relief states that Uri breached the confidentiality provisions of one of his contracts with PhotoThera by disclosing confidential information to Amir. [FAC ¶¶ 39-47.] Plaintiff alleges Uri forwarded an email to Amir informing Amir of Uri's salary and the fact that PhotoThera expected a large new investment. [Id. at 43.] However, PhotoThera does not present any facts showing that PhotoThera suffered any damages from the alleged breach of "confidential information." Therefore, even assuming that such a disclosure occurred, it is hard for this Court to

---

[4] In order to meet this burden, a party may amend the pleadings, or may submit affidavits. Diefenthal v. C.A.B., 681 F. 2d at 1052. This procedure provides a court with a basis for making a threshold determination as to whether the jurisdictional amount has been satisfied. Id.

1 understand how Plaintiff suffered damages exceeding $75,000.

2 The third claim for relief alleges that Amir intentionally interfered with PhotoThera's contractual relationship with Uri by coaxing Uri to disclose this confidential information and to renegotiate the license agreement. [FAC ¶¶ 48-59.] Again, PhotoThera does not present any facts to support this assertion or to show how this caused any damages. Overall, the only activity by Amir alleged in the complaint regarding the interference claim is an unsubstantiated receit of an email he did not solicit. [Id. at ¶ 53.]

8 Thus, this Court finds that after reviewing the complaint, the underlying injury appears trivial. Furthermore, given the declaratory relief claim, it seems that Plaintiff's monetary claims were not brought in good faith, but solely for the purpose of obtaining federal court jurisdiction. Accordingly, this Court **DISMISSES** Plaintiff's second and third claims for relief without prejudice.[5]

## CONCLUSION

For the foregoing reasons, this Court: (1) **GRANTS** Defendant Uri Oron's motion to dismiss without prejudice; (2) **DENIES AS MOOT** Defendant Uri Oron's motion to stay under the international abstention doctrine; and (3) **DENIES AS MOOT** Defendant Amir Oron's motion to dismiss for lack of personal jurisdiction.

DATED: December 4, 2007

Honorable Janis L. Sammartino
United States District Judge

---

[5] The Court has dismissed all of Plaintiff's claims. Therefore, the Court **DISMISSES** as moot Defendant Amir's motion to dismiss for lack of personal jurisdiction. If Plaintiff re-pleads, Amir is free to raise the motion again. For the same reasons, this Court also finds that Defendant Uri's arguments to dismiss this action based on forum non conveniens grounds are moot.