1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

PHOTOTHERA, INC., a Delaware
Corporation,

                            Plaintiff,

       vs.

AMIR ORON, an individual; and URI
ORON, an individual,

                           Defendants.

CASE NO. 07cv490-MMA(AJB)

**ORDER DENYING DEFENDANT'S
MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED
COMPLAINT;**

[Doc. No. 48]

**DENYING DEFENDANT'S
MOTION TO STAY**

[Doc. No. 49]

Presently before the Court are Defendant Uri Oron's Motion to Dismiss Plaintiff's Second

Amended Complaint [Doc. No. 48] and Motion to Stay Under the International Abstention Doctrine

[Doc. No. 49], Plaintiff PhotoThera's oppositions to both motions [Doc. Nos. 51 & 52], and

Defendant's replies [Doc. Nos. 53 & 54].  For the following reasons, the Court **DENIES**

Defendant's Motion to Dismiss and **DENIES** Defendant's Motion to Stay.

## BACKGROUND

On December 4, 2007, presiding District Judge Janis L. Sammartino dismissed Plaintiff's

First Amended Complaint ("FAC") without prejudice pursuant to the Declaratory Judgment Act, 28

U.S.C. § 2201, *et seq.*, finding that Plaintiff's claims for declaratory relief were not ripe for

- 1 -

07cv490

1   consideration by this Court, due to the pendency of litigation between the parties in Israel.  (*See*

2   Doc. No. 39, 5-8.)  On April 1, 2008, Plaintiff filed a Second Amended Complaint ("SAC") [Doc.

3   No. 47] once again seeking declaratory relief, and alleging breach of patent license by Defendant Uri

4   Oron.  (*SAC*, 14.)  The SAC refashions Plaintiff's claims against Defendant Uri, and no longer

5   names Amir Oron as a defendant in this action.  Plaintiff now seeks a declaration of non-

6   infringement among its requests for relief, thereby invoking this Court's subject matter jurisdiction

7   pursuant to federal patent laws.  (*Id.* § 36.)

8   **A.      Motion to Dismiss**[1]

9          Defendant Uri Oron moves to dismiss Plaintiff's SAC, arguing that it is essentially identical

10   to the FAC which Judge Sammartino previously dismissed.[2]  (*See* Court's December 4, 2007 Order.)

11    Defendant Uri asserts multiple grounds for dismissal, including (1) the December 4, 2007 Order

12   applied to the SAC requires dismissal of Plaintiff's claims for declaratory relief; (2) former

13   defendant Amir Oron is subject to joinder pursuant to Federal Rule of Civil Procedure 19(a)(2) as an

14   indispensable party requiring dismissal of the SAC in his absence pursuant to Rule 12(b)(7); (3)

15   there is no case or controversy involving Defendant Uri, the only named defendant in the case; (4)

16   the facts alleged in the SAC are barred from use in this suit pursuant to California's litigation

17   privilege; (5) Plaintiff's claim for breach of patent license is being litigated in the Israeli suit and

18   does not state a claim for relief in this Court; (6) the Court should dismiss the case on the grounds of

19   forum non conveniens.

20          ***1.      Whether the December 4, 2007 Order is Dispositive of this Matter***

21          Defendant Uri's first argument relies upon the assertion that Plaintiff's SAC states the exact

22   same claims for declaratory relief as the FAC, thus requiring its dismissal pursuant to Judge

23   Sammartino's ruling dismissing the FAC.  Therefore, as a threshold matter, the Court must

24   determine whether the three claims for declaratory relief now alleged by Plaintiff are identical to its

25   previously dismissed claims.  A side by side comparison of the claims is illustrated below.

26

27          [1] The relevant factual background of this case is discussed in the Court's December 4, 2007
      Order [Doc. No. 39] and shall not be repeated here.

28

          [2] This case was transferred to the undersigned on November 14, 2008 [Doc. No. 56].

1

2

| FAC's Claims for Declaratory Relief[3] | SAC's Claims for Declaratory Relief |
|---|---|
| (1) A judicial determination of the parties' rights and interests under the Patent Assignment. | (1) A judicial declaration that Plaintiff's manufacture, use, sale, offer to sell, or importation of the inventions claimed in the Subject Patents would not constitute patent infringement under 35 U.S.C. §§ 271, 281. |
| (2) A judicial determination of the parties' rights and interests under the License Agreement. | (2) A judicial declaration that Plaintiff has exclusive rights to the inventions claimed in the Subject Patents under the Patent License, regardless of any dispute that currently may exist between the legal title holder and the named inventor. |
| (3) A judicial determination of the validity and enforceability of these contracts [the assignment and license]. | (3) A judicial declaration that Plaintiff may make, use, offer to sell, sell, and import the inventions claimed in the Subject Patents free of any future royalty obligations under its fully paid-up Patent License. |
| (4) A judicial determination of any requirement placed on Plaintiff to provide Defendant Uri and/or Defendant Amir with any royalty or other additional consideration related to the assignment and license of the patent. | |

16      Plaintiff's claims as alleged in the SAC are not identical to the claims for declaratory relief

17  alleged in the FAC.  There are several material differences.  First, Plaintiff no longer seeks a

18  declaration of rights and interests under the Patent Assignment, an agreement entered into by

19  Defendant Uri and former defendant Amir.  Second, Plaintiff no longer seeks a declaration of the

20  validity of the Patent Assignment.  Based on the allegations in Plaintiff's SAC, the Patent

21  Assignment is not relevant to the instant case.  Third, Plaintiff now seeks a declaration of non-

22  infringement of the Subject Patents, to which Uri is the legal title holder and which Uri licensed to

23  Plaintiff.  The FAC did not allege a claim arising under the patent laws of the United States, and

24  specifically did not request a determination of non-infringement by the Court.

25      In the FAC, Plaintiff sought a declaration of the parties' rights and interests under the

26  License Agreement, an agreement entered into by Uri and Plaintiff.  This claim is alleged in a

27  _____

28      [3] These four claims are delineated separately here in order to make the side by side comparison of claims as straightforward and clear as possible.  In the FAC, the four claims were included together as one claim, "First Claim for Relief (Declaratory Relief)."

1  slightly different manner in the SAC, wherein Plaintiff seeks a declaration of its exclusive rights

2  under the Patent License, but expressly states that the relief sought is separate and apart from any

3  disputes between Uri and Amir.

4        The December 4, 2007 Order resulted in dismissal of Plaintiff's claim for declaratory relief

5  on several grounds.  First, Judge Sammartino found that dismissal was appropriate in order to avoid

6  duplicative litigation, finding that a declaration concerning the validity of the Patent Assignment and

7  the rights of Uri or Amir to royalties were the same issues being litigated in the Israeli court.  As

8  stated above, the SAC no longer seeks this relief, therefore this finding does not control the outcome

9  of the instant motion.  Second, Judge Sammartino found that convenience factors and the absence of

10  federal issues of law favored dismissal.  The SAC now asserts a claim arising exclusively under

11  federal patent laws, and no longer names one of the defendants located in Israel.  Thus, these

12  findings also do not control the outcome of the instant motion.  Third, Judge Sammartino ruled that

13  Plaintiff's claims regarding the Patent License were not ripe because Amir had not yet prevailed in

14  the Israel litigation and thus could not bring a patent infringement claim.  Plaintiff is no longer suing

15  Amir, and no longer seeks a declaration regarding rights under or validity of the Patent Assignment.

16  In the SAC, Plaintiff requests a declaration of exclusive rights under the License Agreement

17  between itself and Uri, no longer implicating Amir's rights or potential claims.  As such, the

18  December 4, 2007 Order is not dispositive of the instant motion to dismiss with respect to Plaintiff's

19  claims for declaratory relief.

20        *2.     Whether Amir Oron is subject to joinder pursuant to Rule 19(a)(2)*

21        Defendant Uri argues that former defendant Amir Oron is a necessary and indispensable

22  party to this case and his absence requires dismissal pursuant to Rule 12(b)(7) (failure to join a party

23  under Rule 19).  Rule 19 provides for the mandatory joinder of parties "needed for a just

24  adjudication," commonly referred to as "necessary" parties.  *See EEOC v. Peabody W. Coal Co.*,

25  400 F.3d 774, 779 (9th Cir. 2005).  Joinder is required under any of three circumstances.  First, an

26  absent party is deemed a "necessary party," and must be joined when the court cannot accord

27  "complete relief" to the existing parties without the absent party's participation.  FED. R. CIV. P.

28  19(a)(1).  Second, joinder will be ordered when an absent party claims an interest in the subject of

1   the existing litigation which may be prejudiced by the outcome of the case. *Id.* 19(a)(2)(i).  Finally,

2   joinder is prescribed when an existing party will be subjected to a substantial risk of incurring

3   multiple or inconsistent obligations if an absent party is not joined. *Id.* 19(a)(2)(ii).  Rule 19's

4   conditions for mandatory joinder are phrased in the disjunctive; thus, joinder is required if any of the

5   three conditions is met. *Yellowstone County v. Pease*, 96 F.3d 1169, 1172 (9th Cir. 1996).

6           Here, none of the conditions are met.  The absent party, Amir, does not need to be a party to

7   this suit in order for the Court to accord complete relief to Plaintiff and Defendant Uri.  His rights

8   under the Patent Assignment are no longer implicated in this case, as discussed above, and his status

9   as owner of the '838 patent does not render him a necessary party under Rule 19 because Plaintiff

10  holds "all substantial rights" in the patent, including the exclusive right to sue. *Vaupel*

11  *Textilmaschinen KG v. Meccanica Euro Italia SPA*, 944 F.2d 870, 875 (Fed. Cir. 1991) (owner was

12  not a necessary party to suit by exclusive licensee who held the right to sue).  In addition, Amir has

13  not claimed any interest in this case.  The FAC originally named him as a defendant, and he fought

14  jurisdiction.  He is no longer a named defendant in the SAC and he subsequently has not moved to

15  intervene despite his actual awareness of the litigation.  Finally, neither Plaintiff nor Defendant Uri

16  are at risk of incurring multiple or inconsistent obligations if Amir is not joined.

17          A motion to dismiss for failure to join an indispensable party under Rule 12 requires the

18  Court first to determine that the absent party is a necessary party, which Amir is not. *Quileute*

19  *Indian Tribe v. Babbitt*, 18 F.3d 1456, 1458 (9th Cir. 1994) (citing FED. R. CIV. P. 19(b).) (holding

20  that under Rule 19(a), a party must first be deemed "necessary" before the court considers whether

21  that party is indispensable).  Therefore, the Court's analysis is complete and Plaintiff's SAC shall

22  not be dismissed pursuant to Rule 12(b)(7).

23          ***3.      Forum Non Conveniens***

24          Defendant Uri argues that Plaintiff's claims should be dismissed under the doctrine of forum

25  non conveniens.  Plaintiff argues that this doctrine should not be applied because no reasonable

26  alternative forum exists, and because this forum is not inconvenient to Defendant Uri, most of the

27  witnesses, or the attorneys representing the parties in this suit.  Under the doctrine of forum non

28  conveniens, a district court "may decline to exercise its jurisdiction, even though the court has

1   jurisdiction and venue, when it appears that the convenience of the parties and the court and the

2   interests of justice indicate that the action should be tried in another forum." *Piper Aircraft Co. v.*

3   *Reyno*, 454 U.S. 235, 250 (1981).  The party moving for dismissal under the doctrine of forum non

4   conveniens must demonstrate the existence of an adequate alternative forum and that the balance of

5   relevant private and public interest factors favor dismissal.  *Creative Technology, Ltd. v. Aztech Sys.*

6   *PTE, Ltd.*, 61 F.3d 696, 699 (9th Cir. 1995).  The existence of the availability of an adequate

7   alternative forum is a threshold issue, and dismissal is not appropriate if such a forum is unavailable.

8   *See id.*  Even though a court may not dismiss on forum non conveniens grounds when the foreign

9   forum does not provide the same range of remedies as are available in the home forum, the

10  alternative forum must provide some potential avenue for redress.  *Ceramic Corp. of America v.*

11  *Inka Maritime Corp.*, 1 F.3d 947, 949 (9th Cir. 1993).

12          Israel does not provide an adequate alternative forum because Plaintiff's claims could not be

13  resolved fully there and an Israeli decision regarding U.S. patent rights would be unenforceable in

14  this country.  The Court also agrees with Plaintiff that it would make very little sense at all to send

15  Plaintiff to Israel to litigate issues of California contract law with respect to Plaintiff's claim for

16  breach of patent license.  The Court shall not dismiss the case on this basis.

17          ***4.      Whether An Actual Case or Controversy Exists***

18          Defendant Uri argues that dismissal of this case is warranted because no controversy exists at

19  this time between himself and Plaintiff.  Claims for declaratory relief must be supported by a case or

20  controversy or the court has no subject matter jurisdiction to adjudicate the claims.  Title 28 U.S.C. §

21  2201(a) provides that "in a case of actual controversy within its jurisdiction … any court of the

22  United States … may declare the rights and other legal relations of any interested party seeking such

23  declaration, whether or not further relief is or could be sought."  In determining whether declaratory

24  relief can be granted, an inquiry must be made as to whether there is a case or controversy between

25  the parties.  *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005); *American States*

26  *Ins. Co. v. Kearns*, 15 F.3d 142, 144 (9th Cir. 1994).

27          When a party challenges subject matter jurisdiction over a declaratory judgment action

28  pursuant to Federal Rule of Civil Procedure 12(b)(1), the declaratory plaintiff bears the burden of

1   proof.  *Spectronics Corp. v. H.B. Fuller Co.*, 940 F.2d 631, 633-34 (Fed. Cir. 1991).  Federal Circuit

2   law governs the determination of whether an "actual controversy" exists under the Declaratory

3   Judgment Act when the underlying merits of an action involve patent infringement and/or validity.

4   *Foster v. Hallco Mfg. Co., Inc.*, 947 F.2d 469, 475 (Fed. Cir. 1991).  The question is whether the

5   facts alleged, "under all of the circumstances, show that there is a substantial controversy, between

6   parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of

7   a declaratory judgment."  *Sierra Applied Sciences, Inc. v. Advanced Energy Industries, Inc.*, 363

8   F.3d 1361, 1372 (Fed. Cir. 2004).

9          The "actual controversy" requirement for a patent non-infringement declaratory judgment

10  requires "both (1) an explicit threat or other action by the patentee, which creates a reasonable

11  apprehension on the part of the declaratory plaintiff that it will face an infringement suit, and (2)

12  present activity which could constitute infringement or concrete steps taken with the intent to

13  conduct such activity."  *Id.* at 1373 (quoting *BP Chemicals, Ltd. v. Union Carbide Corp.*, 4 F.3d

14  975, 978 (Fed. Cir. 1993)); *see also Microchip Technology Inc. v. Chamberlain Group, Inc.*, 441

15  F.3d 936, 942 (Fed. Cir. 2006).  The test for whether the plaintiff had a reasonable apprehension is

16  objective.  *Shell Oil Co. v. Amoco Corp.*, 970 F.2d 885, 888 (Fed. Cir. 1992).  This test "requires

17  more than the nervous state of mind of a possible infringer; it requires that the objective

18  circumstances support such an apprehension."  *Phillips Plastics Corp. v. Kato Hatsujou Kabushiki*

19  *Kaisha*, 57 F.3d 1051, 1053-54 (Fed. Cir. 1995).  The facts giving rise to jurisdiction over a

20  declaratory judgment action "should be found in the complaint."  *Int'l Med. Prosthetics Research*

21  *Assocs., Inc. v. Gore Enter. Holdings, Inc.*, 787 F.2d 572, 576 n.8 (Fed. Cir. 1986).  In the absence

22  of an express charge of infringement, courts make "[a]n examination of the totality of the

23  circumstances. . . to determine whether there is a controversy."  *Vanguard Research, Inc v PEAT,*

24  *Inc.*, 304 F3d 1249, 1254-55 (Fed Cir 2002).

25         In this case, it is undisputed that Defendant Uri has not filed any lawsuit alleging

26  infringement of the Subject Patents and that he has not threatened Plaintiff with suit.  However, in

27  *MedImmune, Inc. v. Genentech, Inc.* the Supreme Court noted that both implicit and explicit threats

28  by a patent owner can establish declaratory judgment jurisdiction.  *MedImmune, Inc. v. Genentech,*

1   *Inc.*, 549 U.S. 118, 125 (2007) (ruling that the elimination of the imminent threat of prosecution

2   does not eliminate Article III jurisdiction).  The Federal Circuit has subsequently declined to hold

3   that a patent owner's statement that he had "absolutely no plan whatsoever to sue" the plaintiff

4   eliminated the justiciable controversy created by patent owner's actions.  *SanDisk Corp. v.*

5   *STMicroelectronics NV*, 480 F3d 1372, 1383 (Fed. Cir. 2007).  Rather, the Federal Circuit

6   concluded that the patent owner "engaged in a course of conduct that shows a preparedness and

7   willingness to enforce its patent rights" despite that statement.  *Id.*  As such, the requirements for

8   declaratory judgment jurisdiction may be satisfied when a patent holder has made no indications that

9   it will file suit but has taken positions or made demands such that a declaratory judgment plaintiff

10   justifiably believes that the defendant patent holder might take such action in the future.

11          Plaintiff alleges that in reliance on the Patent License agreement entered into by Plaintiff and

12   Defendant Uri, as record owner of the Subject Patents, Plaintiff assumed control over and continued

13   prosecuting the '838 patent application at its own expense.  Plaintiff also alleges that it has engaged

14   in efforts to raise money and develop technology based on the knowledge that the claimed

15   inventions were protected by the Subject Patents.  (*SAC* ¶ 23.)  Plaintiff contends that Defendant Uri

16   and former defendant Amir are cooperating against Plaintiff, that Uri's admissions regarding

17   promised royalty payments from Plaintiff to Amir are false, that Uri is orchestrating this dispute and

18   that the Israeli Action is a "sham" and part of a scheme between father and son to coerce money and

19   stock options from Plaintiff.  (*Id.* ¶ 30.)  Based on these allegations, Plaintiff asserts that the instant

20   case is "ripe for adjudication and its immediate resolution necessary" in order for Plaintiff to

21   continue developing its technology because "the future of the company and the livelihood of its

22   employees depends on PhotoThera having clear intellectual property rights and the ability to raise

23   additional capital unfettered by any fear as to Photothera's exclusive rights to the inventions claimed

24   in the Subject Patents under the Patent License, regardless of any dispute that currently may exist

25   between the inventor [Amir] and his assignee Uri."  (*Id.* ¶ 40.)

26          Plaintiff maintains that the Israeli litigation and Uri's assertion that Plaintiff was obligated to

27   pay Amir a royalty or may owe additional royalties provide objective reasons for why adverse legal

28   issues exist that must be addressed.  The Court agrees with Plaintiff that subject matter jurisdiction

1  can exist even though Defendant Uri has not threatened to sue and states he has no plans to do so.

2  In applying the *MedImmune* standard to the facts of this case, the Court finds that Plaintiff has

3  carried its burden in establishing that under all of the circumstances set forth in the Second

4  Amended Complaint, there exists an actual controversy, between parties having adverse legal

5  interests, such that this Court has subject matter jurisdiction over this case.  Further, the Court finds

6  that Plaintiff's "present activity"as alleged in the SAC establish that Plaintiff has the intent to

7  conduct infringing activity.

8        The Court acknowledges that even if an actual controversy exists, the Court has the

9  discretion to decline to exercise jurisdiction, as Judge Sammartino did previously when considering

10  Plaintiff's prior claims alleged in the FAC.  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995).

11  There are two criteria the Court should consider in determining whether to exercise its discretion

12  over an action seeking declaratory judgment: 1) whether the judgment will serve a useful purpose in

13  clarifying and settling the legal relations at issue; and 2) whether the judgment will terminate and

14  afford relief from uncertainty, insecurity, and controversy giving rise to the proceeding.  *Erbamont,*

15  *Inc. v. Cetus Corp.*, 720 F. Supp. 387, 392 (D. Del. 1989).  In reviewing the record in this matter and

16  for the reasons discussed above, the Court finds it should not decline subject matter jurisdiction over

17  this controversy as both criteria have been satisfied by Plaintiff's allegations.  Therefore, the Court

18  shall not dismiss Plaintiff's SAC based on a lack of subject matter jurisdiction.

19        ***5.       Whether the Facts Alleged in the SAC are Barred by Privilege***

20        Defendant Uri also argues that the facts alleged in the SAC are barred from use in this suit

21  pursuant to California's litigation privilege.  The purpose of the litigation privilege is "to afford

22  litigants and witnesses the utmost freedom of access to the courts without fear of being harassed

23  subsequently by derivative tort actions."  *Silberg v. Anderson*, 50 Cal. 3d 205, 213 (1990).  Thus, the

24  courts have noted "a careful distinction between a cause of action based squarely on a privileged

25  communication, such as an action for defamation, and one based upon an underlying course of

26  conduct evidenced by the communication."  *MGA Entertainment, Inc. v. Mattel, Inc.*, No. CV

27  05-2727 NM, 2005 U.S. Dist. LEXIS 18594, 2005 WL 5894689, at *11 (C.D. Cal. Aug. 26, 2005)

28  (quoting *White v. Western Title Ins. Co.*, 40 Cal. 3d 870, 888 (1985)).  In general, documents or

1  conduct are covered by the litigation privilege only if they provide the nucleus of a claim, *Dong v.*

2  *Bd. of Trustees of Leland Stanford Junior Univ.*, 191 Cal. App. 3d 1572, 1594 (1987), or if the

3  litigation-related conduct is "the actionable wrong," *Block v. Sacramento Clinical Labs, Inc.*, 131

4  Cal. App. 3d 386, 392-93 (1982).  The allegations challenged here do not trigger protection under

5  either standard.  Accordingly, the Court shall not dismiss Plaintiff's SAC on this basis.[4]

6          ***6.      Conclusion***

7           Based on the foregoing, having found Defendant Uri Oron's arguments in favor of dismissal

8  to be without merit, the Court denies his motion to dismiss Plaintiff's Second Amended Complaint.

9  **B.      Motion to Stay**

10         Defendant Uri alternatively seeks an order of this Court staying the instant litigation pursuant

11  to the doctrine of abstention enunciated by the Supreme Court in *Colorado River Water*

12  *Conservation District v. United States*, 424 U.S. 800 (1976).  Defendant Uri argues that the case

13  should be stayed pending the outcome of pending litigation in Israel involving rights of the parties

14  that directly implicate the rights asserted by Plaintiff in the SAC.  Plaintiff asserts in opposition that

15  abstention by federal courts is rare and no exceptional circumstances exist in this case to justify an

16  exception.

17         The international abstention doctrine "allows a court to stay or dismiss an action where

18  parallel proceedings are pending in the court of a foreign nation." *Supermicro Computer, Inc. v.*

19  *Digitechnic, S.A.*, 145 F. Supp. 2d 1147, 1149 (N.D. Cal. 2001) (citing Schwarzer et al., Federal

20  Civil Procedure Before Trial, P 2:1326.4 (2000)).  This doctrine has been expressly adopted by the

21  Eleventh and Seventh Circuits, but has not been ruled on by the Ninth Circuit. *See id.*; *Turner*

22  *Entm't Co. v. Degeto Film GmbH*, 25 F.3d 1512, 1523 (11th Cir. 1994); *Finova Capital Corp. v.*

23  *Ryan Helicopters, U.S.A. Inc.*, 180 F.3d 896, 900-01 (7th Cir. 1999).

24         "Abstention from the exercise of federal jurisdiction is the exception, not the rule."

25  *Colorado River*, 424 U.S. at 813.  "Generally, as between state and federal courts, the rule is that

26  ───────────────

27          [4] Defendant also seeks dismissal of Plaintiff's breach of patent license claim pursuant to Rule 12(b)(6), alleging that Plaintiff has failed to state a cognizable claim. The SAC states a valid claim for breach of contract: a written agreement between Plaintiff and Defendant Uri; actions alleged to

28  constitute substantial performance by Plaintiff; actions alleged to constitute breach by Uri; and alleged damages.

1   'the pendency of an action in the state court is no bar to proceedings concerning the same matter in

2   the Federal court having jurisdiction.'" *Id.* at 817 (quoting *McClellan v. Carland*, 217 U.S. 268, 282

3   (1910)).  Therefore, the application of the abstention doctrine can be justified "only in the

4   exceptional circumstances where the order to the parties to repair to the State court would clearly

5   serve an important countervailing interest." *Id.* at 813 (internal quotations omitted).  As such, "the

6   circumstances permitting the dismissal of a federal suit due to the presence of concurrent state

7   proceedings for reasons of wise judicial administration are considerably more limited." *Id.* at 818.

8   The Supreme Court has stated that absent such "'exceptional circumstances,' federal courts have an

9   obligation to exercise their jurisdiction concurrently with other courts." *Id.* at 818.

10        Plaintiff argues that international abstention is inappropriate in this case because the claims

11  brought by Amir Oron against Uri Oron and Plaintiff in the Israel litigation and the federal litigation

12  are not duplicative of Plaintiff's claims in this suit brought against Defendant Uri.  Plaintiff asserts

13  that the proceedings in Israel will not resolve this action.  The Supreme Court has set forth various

14  factors that the district court may consider when assessing the appropriateness of dismissal in the

15  face of concurrent jurisdiction.  These factors include (1) assumption by either court of jurisdiction

16  over the res or property at dispute in the lawsuit; (2) the inconvenience of the federal forum, (3) the

17  desirability of avoiding piecemeal litigation, and (4) the order in which jurisdiction was obtained by

18  the concurrent forums.  *Colorado River,* 424 U.S. at 818.  In a subsequent case, the Supreme Court

19  also found relevant to the inquiry (5) whether federal law provides the decision on the merits, and

20  (6) the probable inadequacy of the state-court proceeding to protect the parties' rights.  *Moses H.*

21  *Cone Memorial Hospital v. Mercury Construction Corp*., 460 U.S. 1 (1983).

22        However, the Supreme Court has noted that

23        "[a]n order granting a Colorado River stay . . . 'necessarily contemplates that the
          federal court will have nothing further to do in resolving the case' because **a district**
24        **court may enter such an order only if it has full confidence that the parallel state**
          **proceeding will 'be an adequate vehicle for the complete and prompt resolution**
25        **of the issues between the parties**.'"

26  *Gulf stream Aerospace Corp. v. Mayacamas Corp*., 485 U.S. 271, 277 (1988) (citing *Moses H*., 460

27  U.S. at 28) (emphasis added).  This consideration is dispositive.  Therefore, a stay order may be

28  entered only where it is clear that "the parallel state proceeding will end the litigation." *Aerospace*

1   *Corp.*, 485 U.S. at 277.

2        In this case, the proceedings in Israel will not end litigation of the issues raised in Plaintiff's

3 SAC because Plaintiff seeks a declaration of non-infringement of the two U.S. patents licensed by

4 Defendant Uri to Plaintiff, a matter for resolution exclusively by a United States federal court.

5 *Cinema Patents Co. v. Columbia Pictures Corp.*, 62 F.2d 310, 312 (9th Cir. 1932) (holding that

6 "[t]he federal courts have exclusive jurisdiction to determine patent infringement"). Plaintiff's SAC

7 alleges that Defendant Uri has created a dispute giving rise to Plaintiff's need for a declaration by

8 the Court that Plaintiff's current activities related to its use of the Subject Patents are non-infringing.

9 This cause of action arises out of the patent laws of the United States, and cannot be adjudicated by

10 the Israeli Court. This is dispositive of the issue.

11        Although the Court gives great deference to Judge Sammartino's December 4, 2007 Order,

12 which opined that the "facts of this case appear to fit neatly within the doctrine" of international

13 abstention, the Court did not analyze the issue fully at that time, as dismissal of Plaintiff's FAC

14 rendered the issue moot. Upon a thorough examination of the issue, the Court now determines that

15 it would be improper to abstain in this case based on the foregoing reasons. Accordingly, the Court

16 finds that a stay is not warranted and denies Defendant's motion.

17 **CONCLUSION**

18        Based on the foregoing reasons, the Court **DENIES** Defendant Uri Oron's Motion to

19 Dismiss Plaintiff's Second Amended Complaint. The Court also **DENIES** Defendant Uri Oron's

20 Motion to Stay this case under the doctrine of international abstention.

21      **IT IS SO ORDERED**.

22 DATED: March 19, 2009

23                                _____

24                                Hon. Michael M. Anello
                                 United States District Judge

25

26

27

28

                          07cv490